**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSE ROSADO-ROSADO, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | |
| | : | Civil No. 09-5461   (NLH) |
| v. | : | |
| PAUL SCHULTZ, | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES:**

    JOSE ROSADO-ROSADO, #10934-069
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey  08320
    Petitioner Pro Se

**HILLMAN**, District Judge

    Jose Rosado-Rosado filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence.  Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.   BACKGROUND**

    On December 13, 1995, a jury sitting in the United States District Court for the District of Puerto Rico found Petitioner guilty of conspiracy to distribute narcotics.  See United States v. Rosado-Rosado, Crim. No. 95-0029 (JAF) (D.P.R. filed Feb. 9, 1995).  On April 18, 1996, United States District Judge Jose A.

Fuste sentenced Petitioner to an aggregate term of 480 months imprisonment.  Id. at docket entry #1180.  The United States Court of Appeals for the First Circuit affirmed the conviction and sentence in 1999.  See United States v. Candelaria-Silva, 166 F. 3d 19 (1st Cir. 1999).

On November 28, 2000, Petitioner filed a motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255, which the sentencing court summarily dismissed as untimely on March 30, 2001.  See Rosado-Rosado v. United States, Civ. No. 00-2509 (JAF) opinion (D.P.R. Mar. 30, 2001).  Judge Fuste denied Petitioner's motion for reconsideration in an opinion filed November 25, 2003.  Id.  On April 11, 2005, the First Circuit denied a certificate of appealability.  See Rosado-Rosado v. United States, C.A. No. 04-1092 judgment (1st Cir. Apr. 11, 2005).  Petitioner filed a motion for relief from judgment pursuant to Rule 60(b)(6) in the sentencing court on November 27, 2006.  See Civ. No. 00-2509 at docket entry #22.  Judge Fuste denied the motion on December 28, 2006, Petitioner appealed, and the First Circuit denied a certificate of appealability and terminated the appeal by judgment filed October 5, 2007.  See Rosado-Rosado v. United States, C.A. No. 07-1300 judgment (1st Cir. Oct. 5, 2007).

In the meantime, on August 11, 2004, the First Circuit denied Petitioner's request for leave to file a successive § 2255

petition based on Blakely v. United States, 124 S. Ct. 2531 (2004).  See Rosado-Rosado v. United States, C.A. No. 04-2025 judgment (1st Cir. Aug. 11, 2004).  On February 8, 2005, Petitioner filed a motion to reduce the sentence in the sentencing court, which Judge Fuste denied on March 7, 2005.  See Crim. No. 0029 (JAF) docket entry # 3045 (D.P.R. Mar. 7, 2005).  On August 3, 2005, the First Circuit denied Petitioner's second request for leave to file a successive § 2255 motion based on United States v. Booker, 125 S. Ct. 738 (2005).  See Rosado-Rosado v. United States, C.A. 05-1956 judgment (1st Cir. Aug. 3, 2005).

On March 4, 2008, Petitioner filed in the sentencing court a motion for modification of the sentence, pursuant to 18 U.S.C. § 3582, based on the Sentencing Commission's retroactive amendment to the crack cocaine guidelines.  On July 2, 2008, Judge Fuste denied this motion.  See Crim. No. 0029 (JAF) docket entry #3302 (D.P.R. July 2, 2008).  Petitioner filed a notice of appeal, and on February 27, 2009, the First Circuit affirmed the District Court's determination that the amendments had no effect on Petitioner's sentence.  See United States v. Rosado-Rosado, C.A. 08-2030 judgment (1st Cir. Feb. 27, 2009).

Petitioner, who is now incarcerated at FCI Fairton in New Jersey, filed this Petition under 28 U.S.C. § 2241 on October 27,

2009.[1]  Petitioner argues (1) the sentencing court exceeded its authority under the Sentencing Guidelines in sentencing "Rosado as if he were in the conspiracy from its inception to its demise holding him accountable for all the drugs allegedly sold" (docket entry #1 at p. 4), and (2) counsel provided ineffective assistance in failing to "recognize at sentencing that Rosado should only be sentenced for the drug carrying the least onerous penalty" and failing "to seek a mitigated sentence, particularly one that consisted of the amount of drugs reasonably foreseeable by Rosado" (docket entry #1 at p. 6).

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or

---

[1] Petitioner's projected release date is February 26, 2030. See Fed. Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=10934-069&x=75&y=14 (last accessed Jan. 8, 2010).

ineffective to test the legality of his detention." 28 U.S.C. § 2255.[2]  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Dorsainvil, 119 F. 3d at 251.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

---

[2] Specifically, § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In this case, because Petitioner's claims are of the sort that the sentencing court could have entertained, § 2255 is not inadequate or ineffective for Petitioner's challenges to his detention.[3]  See United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).  This Court will therefore dismiss the § 2241 Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

                              /s/ NOEL L. HILLMAN
                              **NOEL L. HILLMAN, U.S.D.J.**

Dated:    January 11 , 2010

At Camden, New Jersey

---

[3] Petitioner in fact argued on direct appeal that the evidence established the existence of separate conspiracies.  See United States v. Candelaria-Silva, 166 F. 3d at 38.  The First Circuit rejected Petitioner's "multiple conspiracy" argument. Id. at p. 40.